IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
APR 12 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CANDELARIO DIAZ )<br>a/k/a "Candelar Diaz" )<br>)<br>)<br>Defendant. ) | Criminal No. 1:19-mj-173 |

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kurt Simard, being duly sworn, state the following:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement, Enforcement and Removal Operations (ICE/ERO) in Fairfax, Virginia. I have been employed with ICE since August of 2011. I was previously employed as a Border Patrol Agent with United States Customs and Border Protection for three years. During that time, I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant for CANDELARIO DIAZ (hereafter referred to as DIAZ), an alien who was found in the United States after being denied admission, excluded, deported, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, and whose removal was subsequent to the conviction for commission of a felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

4. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. This affidavit contains information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

5. On or about March 21, 2019, the ICE Pacific Enforcement Response Center (PERC) in Laguna Niguel, California, encountered DIAZ at the Fairfax County Adult Detention Center (FADC) after he was booked on local charges. The FADC is located in Fairfax, Virginia, which is in the Eastern District of Virginia. The PERC conducted record checks and ultimately lodged an immigration detainer against DIAZ on or about March 21, 2019.

6. On or about April 3, 2019, DIAZ entered ICE custody pursuant to the above-mentioned immigration detainer. ERO Washington officers obtained DIAZ's fingerprints at that time and processed those fingerprints through ICE indices containing fingerprint records of known and previously deported aliens. This system is also integrated with the criminal records maintained by the FBI and is commonly referred to as Next Generation Identification (NGI). The result of this query showed positive matches to DIAZ and his FBI number.

8. On or about April 8, 2019, I reviewed DIAZ's alien file (commonly referred to as an "A file") that is maintained by United States Citizenship and Immigration Services. The A file contained one fully executed Immigration Service Form I-205, Warrant of Removal/Deportation. The I-205 bears the photograph, fingerprint, and signature of DIAZ and confirms that DIAZ was removed from the United States to El Salvador on August 26, 2005 from Harlingen, Texas.

9. The A file, along with criminal record checks, also confirms that on March 25, 2004, DIAZ was convicted in the Fairfax County Circuit Court of unlawful wounding, in violation of Virginia State Code Section 18.2-51, a felony, and was sentenced to three years of incarceration.

10. On April 9, 2019, I asked the FBI Special Processing Center to compare the fingerprints that ERO obtained from DIAZ on or around April 3, 2019, with a complete set of fingerprints taken from DIAZ's A file prior to his removal and with a fingerprint from DIAZ's I-205 showing removal on August 26, 2005. On April 9, 2019, the FBI successfully matched all of the above-mentioned fingerprints to DIAZ and his FBI number.

11. DIAZ's A file indicates that he does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States legally and he has neither sought nor obtained permission from the Attorney General of the United States or the Secretary of Homeland Security to reenter the United States following his formal removal.

## CONCLUSION

12. Based the foregoing, I submit there is probable cause to believe that on or about March 21, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia,

CANDELARIO DIAZ an alien who was removed from the United States to El Salvador on or about August 26, 2005 at or near Harlingen, Texas, and whose removal was subsequent to a felony, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

_____
Kurt Simard
Deportation Officer
United States Immigration and Customs Enforcement

Sworn to and subscribed before me
This __12th__ day of April 2019.

_____/s/_____
John F. Anderson
United States Magistrate Judge

The Hon. John F. Anderson
Alexandria, Virginia